# UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re ) | Chapter 7 Proceedings |
| ) | |
| HOLIDAY ROAD HOLDINGS II, LLC, ) | Case No. 07-06223-CGC |
| ) | |
| Debtor. ) | |
| ) | MEMORANDUM DECISION RE: |
| ) | MOTION TO DISMISS, IN THE |
| ) | ALTERNATIVE, MOTION FOR |
| ) | RELIEF FROM THE AUTOMATIC |
| ) | STAY |

On November 27, 2007, Universal Properties, a secured creditor in this case, filed a "Motion to Dismiss, in the Alternative, Motion for Relief from the Automatic Stay." In the Motion, Universal Properties requests that the Court enter an order prohibiting Debtor, Holiday Road Holdings II, LLC, or its principal, Brian Langenbach, or any other entity that Mr. Langenbach may create to purportedly hold title to the property at issue in the case, from filing any further bankruptcy petitions, under any chapter, for the next 180 days. Universal asserts authority for such an injunction under 11 U.S.C. §§ 105 ad 109(g).

Section 105 grants the substantive power to this Court to issue an order that is necessary or appropriate to carry out the provisions of this title. Section 105, however, does not supplant procedural requirements. Nonetheless, "[a] bankruptcy court's equitable power is not unfettered; it must be exercised to carry out the provisions of the Bankruptcy Code." *In re Sasson*, 424 F.3d 864, 869) (9th Cir. 2005) (citation omitted). The Court, therefore, finds that the proper avenue for the injunctive relief that Universal seeks is in an adversary proceeding, as set forth in Rule 7001 of the Federal Rules of Bankruptcy Procedure. Specifically, Rule 7065 would provide the proper procedure for Universal to follow.

As for § 109(g), relief based on this section is inappropriate in this case.

1   For the foregoing reasons, the Court concludes that Universal's request for injunctive relief

2   from Debtor filing future bankruptcy proceedings under any chapter for the next 180 days will be

3   denied.

4   **THEREFORE, IT IS HEREBY ORDERED** denying Universal's request for injunctive

5   relief under 11 U.S.C. §§ 105 and 109(g). It is

6   **FURTHER ORDERED** that a copy of this Order shall be sent by facsimile to Debtor,

7   Holiday Road Holdings II LLC.

8   So ordered.

9   DATED: December 4, 2007

_____
Charles G. Case II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed and/or via facsimile
this 4th day of December, 2007, to:

**Debtor/Pro Se**
**HOLIDAY ROAD HOLDINGS II LLC**
1401 E. CORAL COVE DR
GILBERT, AZ 85234
602-896-8321 (Facsimile)

**Trustee**
**DAVID M. REAVES**
PO BOX 44320
PHOENIX, AZ 85064-4320
602-241-0101

**U.S. Trustee**
**U.S. TRUSTEE**
OFFICE OF THE U.S. TRUSTEE
230 NORTH FIRST AVENUE
SUITE 204
PHOENIX, AZ 85003

**Creditor**
BRADLEY J. STEVENS
JENNINGS, STROUSS, & SALMON, P.L.C.
THE COLLIER CENTER, 11th FLOOR
201 EAST WASHINGTON STREET
PHOENIX, AZ 85004

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28